# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN HUGHES,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>EQUITY PLUS FINANCIAL, et al.,<br><br>　　　　　　　　　　　Defendant. | Case No. 09cv2927 BTM(RBB)<br><br>**ORDER GRANTING WACHOVIA'S MOTION TO DISMISS; QUASHING SERVICE ON EQUITY PLUS FINANCIAL; DENYING AS MOOT EQUITY PLUS FINANCIAL'S MOTION TO DISMISS** |

Defendant Wachovia Mortgage ("Wachovia") (a Division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB and named herein as "Golden West Financial, FSB, d/b/a World Savings Bank, FSB, Wachovia, FSB, Wells Fargo, N.A.") has filed a motion to dismiss the Second Amended Complaint for failure to state a claim. Defendant Equity Plus Financial has also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4), (b)(5), and (b)(6). For the reasons discussed below, Wachovia's motion to dismiss is **GRANTED**, service of the summons and complaint on Equity Plus Financial is **QUASHED**, and Equity Plus Financial's motion to dismiss is **DENIED AS MOOT**.

///
///
///

# I. FACTUAL BACKGROUND

On or about November 16, 2006, Plaintiff obtained a loan in the amount of $540,000 from World Savings Bank, FSB (which changed its name in December, 2007, to Wachovia Mortgage, FSB (Wachovia's RJN, Ex. 2)). The purpose of the loan was to refinance Plaintiff's home located at 993 Via Sinuoso, Chula Vista, CA 91910 (the "Property"). The note was secured by a deed of trust on the Property.

Plaintiff claims that she was emotionally distraught during the loan application process and that Defendants, through fraud and concealment, tricked her into entering into a loan she could not actually afford. Plaintiff alleges that defendant Equity Plus Financial ("Equity"), Plaintiff's mortgage broker, inflated her income on the loan application without her knowledge. (SAC ¶ 10.) According to Plaintiff, although her average monthly income for 2005 was $2,008.17, Equity stated that her monthly income was $11,000.00. (SAC ¶ 16.) Equity and World Savings Bank did not ask for proof of Plaintiff's stated income because it would be evidence that Plaintiff was not qualified for the loan. (SAC ¶ 10.) Plaintiff alleges that Equity did not explain the loan's features to her before she agreed to the loan, and that Defendants failed to include accurate initial disclosures and final disclosures. (SAC ¶¶ 11-12.) Plaintiff entered into the loan based on the false representations that she qualified for the loan and Defendants' concealment of the truth. (SAC ¶ 14.)

Additionally, Plaintiff alleges that World Savings Bank paid Equity an undisclosed yield-spread premium ("YSP") in the amount of $5,400 as an incentive to place Plaintiff in a non-conventional "Fixed Rate Pick-A-Payment" loan instead of a conventional but less profitable loan. (SAC ¶ 15.) Under the terms of the note (Wachovia's RJN Ex. 5), interest was to be paid at the yearly rate of 7.7%. The initial monthly payments were in the amount of $2,064.13. The monthly payment was scheduled to change on January 1, 2008, and every twelve months thereafter, until the 121st month, which would be the final payment change.

On or about August 5, 2009, Plaintiff sent a letter of rescission to Wachovia. (SAC ¶ 29.)

1  Plaintiff's SAC asserts the following claims: (1) intentional misrepresentation (against Equity only); (2) fraudulent concealment (against Equity only); (3) breach of fiduciary duty (against Equity only); (4) constructive fraud (against Equity only); (5) violation of RESPA, 12 U.S.C. § 2607; (6) quiet title; and (7) violation of Cal. Civ. Code § 2923.5 (against Wachovia only).

## II. DISCUSSION

A. <u>Wachovia</u>

Wachovia moves to dismiss Plaintiff's claims against it for failure to state a claim. The Court agrees that Plaintiff has failed to state a claim against Wachovia.

Plaintiff's fifth cause of action alleges that the YSP was an unlawful kickback in violation of RESPA, 12 U.S.C. § 2607. In an order filed on July 19, 2010, the Court dismissed Plaintiff's claim under 12 U.S.C. § 2607 on the ground that the claim appeared to be barred by RESPA's one-year statute of limitations. 12 U.S.C. § 2614. Plaintiff's SAC adds some allegations regarding misleading statements by Equity. However, these allegations are not sufficient to show that Plaintiff is entitled to equitable tolling of the limitations period.

According to the SAC, at the time of the transaction, Plaintiff expressed her concern to her mortgage broker regarding the amount of the monthly payment. (SAC ¶ 8.) The agent for the mortgage broker reassured Plaintiff that she would be fine because she had been placed into a three payment option plan, and she could choose the lowest payment option. When Plaintiff saw her first monthly payment amount, Plaintiff asked the agent why the amount was so high, and he reiterated his explanation regarding her ability to choose between three different monthly amounts. (SAC ¶ 17.) Plaintiff did not understand his explanation and was unable to get in touch with him from that time forward. (SAC ¶ 18.) Plaintiff sought legal advice in early 2009, and, after an audit of her loan transaction was performed, discovered the violations of law that occurred. (SAC ¶¶ 24-25.)

These additional facts do not establish that Plaintiff is entitled to equitable tolling.

"Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). Absent an explanation as to why Plaintiff could not have instigated an investigation into the propriety of the YSP within the limitations period, Plaintiff has failed to plead a sufficient basis for equitable tolling. See Lyman v. Loan Correspondents, Inc., 2009 WL 3757398, at *2 (C.D. Cal. Nov. 6, 2009) ("Accordingly, the Lymans have not pleaded a sufficient basis for equitable tolling, as they have not pleaded facts to suggest that despite all due diligence, they did not have a reasonable opportunity to discover the violations that now form the basis of their RESPA claims.")

Plaintiff has not alleged facts explaining why she could not have looked into the propriety of the loan, including the YSP within the limitations period. Plaintiff does not explain how the allegedly illegal YSP was discovered through the audit and does not claim that these facts could not have been uncovered earlier.[1] Furthermore, as discussed by the Court previously, based on the facts alleged by Plaintiff, it should have been clear to her almost immediately that something was amiss with the loan.

The amount of the initial payment (due in January 2007) was more than Plaintiff's monthly income in 2005. According to the SAC, when Plaintiff raised her concern regarding the amount of the payment, the agent for the mortgage broker gave Plaintiff an incomprehensible explanation regarding the option to choose from three different payments. Plaintiff did not understand the explanation and tried to have further discussions with the agent. However, Plaintiff was unable to get in touch with the agent. The amount of the initial payment coupled with the fact that Plaintiff was getting the run-around should have spurred Plaintiff to look into the legality of the loan. Instead, Plaintiff waited until 2009 to seek legal advice.

Absent facts showing that Plaintiff is entitled to equitable tolling, Plaintiff's RESPA claim is time-barred. Therefore, Wachovia's motion to dismiss is granted as to Plaintiff's fifth

---

[1] Plaintiff claims that the YSP was "undisclosed," but does not specify whether the YSP was disclosed on Plaintiff's HUD-1 Settlement Statement.

cause of action.

Plaintiff's seventh cause of action alleges a violation of Cal. Civ. Code § 2923.5. Section 2923.5 provides that a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made or 30 days after failing to contact the borrower despite the exercise of due diligence as defined in subsection (g). "Initial contact" is governed by the following requirements:

> A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

Plaintiff claims that Wachovia failed to comply with the requirements of § 2923.5 prior to filing a Notice of Default.  According to Plaintiff, she "is entitled to certain amounts already paid, including interest, finance charges and closing costs, as an offset against amounts owing on the loan, and collect statutory damages and attorney fees as well."  (SAC ¶ 95.)

In Mabry v. Superior Court, 185 Cal. App. 4th 208 (2010), the court addressed the issue of whether there is a private right of action under § 2923.5.  Upon examination of the language of § 2823.5 and the other statutory provisions governing foreclosure sales, the court concluded that borrowers have a private right of action under § 2923.5.  However, the court also held that the right conferred by § 2923.5, a right to be contacted to assess and explore alternatives to foreclosure prior to the filing of a notice of default, is enforced *by the postponement of a foreclosure sale*.   Postponement of the sale before it occurs is "the *only* remedy provided."  Id. at 235.

As explained by Mabry, section 2923.5 does not provide for the recovery of damages. Therefore, Plaintiff's claim for damages under the statute is dismissed.  If Plaintiff wishes to

bring a claim under § 2923.5 to postpone the sale, Plaintiff has leave to do so.[2]

Plaintiff's sixth cause of action is to quiet title. Because Plaintiff has failed to state a claim under RESPA or Cal. Civ. Code § 2923.5, Plaintiff's quiet title claim fails as well. Accordingly, Wachovia's motion to dismiss is granted as to Plaintiff's sixth cause of action.

B. <u>Equity Plus Financial</u>

Equity moves for dismissal based on improper service of process, or, in the alternative, for failure to state a claim. As discussed below, the Court finds that Equity was not properly served. Therefore, the Court quashes the service and denies the motion to dismiss as moot.

In an order filed on July 19, 2010, the Court dismissed Plaintiff's FAC against Wachovia for failure to state a claim and ordered Plaintiff to show cause why this case should not be dismissed as against defendant Equity for failure to serve it with the summons and complaint within 120 days of the filing of the action. In an order filed on August 4, 2010, the Court explained that if Plaintiff did not effect service on Equity by September 13, 2010, the Court would dismiss the action against Equity. On August 9, 2010, Plaintiff filed a proof of service, which indicates that the summons and complaint were personally served upon Emil Ibrahim Jabre, an agent for service for Equity.

In a declaration filed in support of Equity's motion, Jabre explains that he was not personally served and that he discovered the documents attached as Exhibit A to his declaration lying in the shrubs adjacent to his front door. (Jabre Decl. ¶¶ 4-6.) Exhibit A consists of the proof of service, a summons, and the original complaint filed by Plaintiff on December 30, 2009. No other documents were included in the packet. (Jabre Decl. ¶ 6.)

Based on Jabre's declaration, Equity was not properly served. In addition to the fact that Jabre was not personally served, Jabre was not served with the Second Amended Complaint (which was filed on August 4, 2010). If an initial complaint has been superseded

---

[2] The Court does not know when the Notice of Default was filed and is unaware of the status of the foreclosure proceedings.

1  by an amended complaint, service is ineffective if a defendant is served with the original
2  complaint rather than the amended complaint.  See Patel v. Dameron Hospital, 2000 WL
3  35619441, at * 4 (E.D. Cal. 2000).
4      Accordingly, the Court **QUASHES** service on Equity.  Equity's motion to dismiss is
5  **DENIED AS MOOT**.

### III.  CONCLUSION

8      For the reasons discussed above, Wachovia's motion to dismiss the Second
9  Amended Complaint [Doc. No. 19] is **GRANTED**.  Plaintiff's claims against Wachovia are
10 **DISMISSED**.  However, the Court will give Plaintiff one more chance to amend her claims
11 against Wachovia.  Any amended complaint must be filed within 15 days of the entry of this
12 Order.
13     The Court also **QUASHES** service on Equity Plus Financial.  Plaintiff must properly
14 serve the operative complaint and a summons on Equity Plus Financial and file a proof of
15 service within 30 days of the entry of this Order.  Failure to do so will result in the entry of
16 judgment dismissing the case against Equity Plus Financial.
17     Equity Plus Financial's motion to dismiss [Doc. No. 20] is **DENIED** as moot.
18 **IT IS SO ORDERED.**

DATED:  November 15, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge

cc:    Lilian Hughes
       993 Via Sinuoso
       Chula Vista, CA 91910